IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03078-BNB

DEMETRIUS THOMAS,

      Plaintiff,

v.

STATE OF COLORADO, and
CDOC,

      Defendants.

---

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

      Plaintiff, Demetrius Thomas, is a prisoner in the custody of the Colorado

Department of Corrections (DOC) who currently is incarcerated at the Colorado State

Penitentiary in Cañon City, Colorado.  Mr. Thomas filed *pro se* a prisoner complaint

pursuant to 42 U.S.C. § 1983 against the State of Colorado and DOC.  He asks for

injunctive relief.  Mr. Thomas has been granted leave to proceed pursuant to 28 U.S.C.

§ 1915 without payment of an initial partial filing fee.

      The Court must construe Mr. Thomas's filings liberally because he is

representing himself.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v.

Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court should not be the

*pro se* litigant's advocate.  *Hall*, 935 F.2d at 1110.  For the reasons stated below, Mr.

Thomas will be directed to file an amended complaint.

      Plaintiff contends that, despite being labeled as a "snitch," ECF No. 1 at 3, he

was denied placement in protective custody on May 24, 2012.  He contends further that

his only options are either to be placed in the general population with a "'snitch jacket,'" *id.*, or in administrative segregation, where he would be subject to restricted privileges, for fourteen years. *See also id.* at 4. He contends these circumstances present an atypical and significant hardship that violates his Fourteenth Amendment right to due process and his Eighth Amendment right to be free from cruel and unusual punishment. He asks to be placed in protective custody or in an out-of-state facility.

Mr. Thomas fails to name as defendants the individuals who allegedly denied his placement in protective custody. In the amended complaint he will be directed to file, Mr. Thomas must assert personal participation by each named defendant. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Thomas must name and show how the named defendants caused a deprivation of his federal rights. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983). A supervisor is only liable for constitutional violations that he or she causes. *See Dodds v. Richardson*, 614 F.3d 1185, 1211 (10th Cir. 2010).

Mr. Thomas may use fictitious names, such as "John or Jane Doe," if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Thomas uses fictitious names he must provide sufficient information about each defendant so that he or she can be identified for purposes of service.

2

The amended complaint Mr. Thomas files must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."  Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.  In order for Mr. Thomas to state a claim in federal court, his "complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492  F.3d 1158, 1163 (10th Cir. 2007).

Mr. Thomas must set forth a short and plain statement of his claims showing that he is entitled to relief.  For the purposes of Rule 8(a), "[i]t is sufficient, and indeed all that

is permissible, if the complaint concisely states facts upon which relief can be granted upon any legally sustainable basis." *Id.*

It is Mr. Thomas' responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims.  The amended complaint must provide "a generalized statement of the facts from which the defendant may form a responsive pleading." *New Home Appliance Ctr., Inc., v. Thompson*, 250 F.2d 881, 883 (10th Cir. 1957).

Mr. Thomas, therefore, will be directed to file an amended complaint on the Court-approved Prisoner Complaint form that asserts his claims clearly and concisely, alleges what rights were violated, and provides specific facts demonstrating how each named defendant personally participated in the asserted constitutional violations.

Accordingly, it is

ORDERED that Plaintiff, Demetrius Thomas, file **within thirty (30) days from the date of this order** an amended complaint that complies with the directives of this order.  It is

FURTHER ORDERED that Mr. Thomas shall obtain the Court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Thomas fails to file an amended complaint that complies with this order within the time allowed, the Court will dismiss the complaint and the action without further notice.

DATED January 11, 2013, at Denver, Colorado.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge