IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:12-cv-03078-REB-CBS

DEMETRIUS THOMAS,

Plaintiff,

v.

STATE OF COLORADO,
CDOC,
TOM CLEMENTS,
SUSAN JONES,
SGT. JOHNSON, and
MR. K,

Defendants.

---

ORDER

---

Magistrate Judge Craig B. Shaffer

This matter comes before the court on Demetrius Thomas' (Plaintiff) Motion to Seal (Doc. 72), which is DENIED. The motion was referred to the Magistrate Judge by Order of Reference dated March 11, 2015. (Doc. 73). For the following reasons, the court denies Plaintiff's motion.

The right of public access to court proceedings and records is deeply rooted in both the common law and the First Amendment. *See Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980) (presumption of openness in criminal trials); *Publicker Indus., Inc. v. Cohen*, 733 F.2d 1059, 1070 (3d Cir. 1984) ("A presumption of openness inheres in civil trials as in criminal trials."); *Westmorland v. Columbia Broadcasting System, Inc.*, 752 F.2d 16, 23 (2d Cir 1984) (agreeing with the Third Circuit that the First Amendment secures to the public and to the

press the right of access to civil proceedings); *Huddleson v. City of Pueblo, Colo.*, 270 F.R.D. 635, 639 (D. Colo. 2010) (same); *see also United States v. McVeigh*, 119 F.3d 806, 811-12 (10th Cir. 1997) (recognizing a common law right to access court documents). "Although this 'right is not absolute' there is 'strong presumption in favor of public access.'" *United States v. Pickard*, 733 F.3d 1297, 1302 (10th Cir. 2013) (quoting *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007) (internal quotations marks omitted)). This presumption can be overcome when "countervailing interests heavily outweigh the public interest in access." *Boatright*, 477 F.3d at 1149 (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988) (internal quotation marks omitted)).

In this district, local rule of practice 7.2, D. C. Colo. LCivR, governs a motion to seal. It provides, in pertinent part, that a motion must:

> (1) identify the document or the proceeding for which restriction is sought;
>
> (2) address the interest to be protected and why such interest outweighs the presumption of public access (stipulations between the parties or stipulated protective orders with regard to discovery, alone, are insufficient to justify restriction);
>
> (3) *identify a clearly defined and serious injury that would result* if access is not restricted;
>
> (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question (e.g., redaction, summarization, restrict access to exhibits or portions of exhibits); and
>
> (5) identify the level of restriction sought.

(Emphasis added.)

Here, the pending motion seeks to seal this case in its entirety. (Doc. 72). Plaintiff generally asserts that permitting the public to view the documents filed in this case would put his

life in danger. He alleges that "all the gangs in Colorado" have put a "hit" on him. *Id*. at 1. And he alleges that he is currently incarcerated with other gang members and that allowing continued access to the pleadings will create a "hostile environment." *Id*. at 2. In addition, he appears to allege that these gangs will continue to be a threat once he is paroled. *Id.*

Plaintiff filed his original Complaint in November 2012 (Doc. 1), and his case was dismissed for a failure to state a claim in February 2014 (Doc. 56). However, there are no allegations in the Motion that Plaintiff has been assaulted or harmed since the filing of his original complaint nearly three years ago. Nor are there any allegations that he has suffered any injury since the dismissal of his case last year. Therefore, the court concludes that Plaintiff has failed to identify a sufficiently compelling reason to warrant an order from the court shielding the Complaint or the case from the public's view.[1] *See Huddleson*, 270 F.R.D. at 639 (denying a motion to seal where movant failed to identify or demonstrate the likelihood of any clearly defined or serious injury that would result); *Sibley v. Sprint Nextel Corp.*, 254 F.R.D. 662, 667 (D. Kan. 2008) (holding that "a moving party must submit particular and specific facts, and not merely stereotyped and conclusory statements" to establish grounds limiting access); *see also E.E.O.C. v. Kelley, Drye & Warren LLP*, No. 10 Civ. 655, 2012 WL 691545, at *3 (S.D.N.Y. Mar. 2, 2012) ("[B]road allegations of harm unsubstantiated by specific examples or articulated reasoning fail to satisfy test [for sealing judicial documents].").

Accordingly, IT IS ORDERED that the Motion to Seal (Doc. 72) is DENIED.

DATED at Denver, Colorado this 21st of October, 2015.

---

[1] Further, Plaintiff has failed to specifically articulate why no alternative to restriction is practicable. His conclusory assertions in this regard are insufficient to meet his burden.

BY THE COURT

s/ Craig B. Shaffer
United States Magistrate Judge